07/28/2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JOELENE RODRIGUEZ,
Plaintiff,

v.   25-CV-01415-JNW

EL CENTRO DE LA RAZA, JOSE MARTI CHILD DEVELOPMENT CENTER, and DOES 1–25,
Defendants.

## I. PARTIES

1. Plaintiff Joelene Rodriguez is the mother and legal guardian of ▮▮▮ ("JJ"), a minor child with Level 3 Autism and significant sensory needs.

2. JJ was enrolled at Jose Marti Child Development Center (JMCDC), operated by El Centro de la Raza, and located in Seattle, WA in Seattle, WA.

3. Defendants include El Centro de la Raza, Jose Marti Child Development Center, and additional individuals or entities whose names are unknown at this time (DOES 1–25).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 because the complaint alleges violations of federal laws, including the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act.

5. Venue is proper in this district because the events occurred in Seattle, Washington.

## III. FACTUAL ALLEGATIONS

6. On July 28, 2023, Plaintiff arrived to pick up her son, JJ, at Jose Marti Child Development Center (JMCDC) and found him alone, soaking wet, cold, pale, and visibly trembling beside a small wading pool in the play yard.

7. JJ was soaked from head to toe, with a bluish skin tone, and clung to Plaintiff immediately upon her arrival.

8. All other children and staff were on the opposite side of the yard, out of sight. JJ, a nonverbal autistic child, was unsupervised.

9. No staff acknowledged the incident, no injury report was filed, and no explanation was given.

10. The incident was not documented. It appeared that no one had noticed JJ's condition until staff saw Plaintiff taking photographs.

11. JJ had known developmental delays from birth, including being born 14 weeks premature at 2 lbs. 5 oz.

12. Though SSI was not yet applied for, JJ's medical status at birth qualified him as disabled under SSA low birthweight criteria.

13. JJ's vulnerability was medically evident and known to staff, and he met the legal definition of a perceived disability.

14. His therapy at JMCDC through Boyer Clinic began after this event, but his need for supervision and accommodation was obvious.

15. Plaintiff later shared ADA guidance with JMCDC leadership to inform them of their legal obligations to accommodate JJ.

16. Staff visibly noticed Plaintiff but still failed to document or respond to what had occurred.

17. This incident represents not an oversight, but an act of avoidance that fits a broader pattern at JMCDC.

18. Former staff reviews claimed the center had 'only one incident report in two years' as a point of pride, suggesting systemic underreporting.

## IV. CLAIMS FOR RELIEF

19. Defendants violated Title II of the ADA by failing to provide reasonable accommodations and supervision for a disabled child.

20. Defendants acted with gross negligence in failing to monitor JJ, resulting in substantial risk and distress.

21. Defendants failed to notify the parent or document the event, constituting concealment of a safety-related incident.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

a. Declare that Defendants violated JJ's civil and disability rights;

b. Award compensatory damages in an amount to be determined;

c. Grant injunctive relief to ensure compliance with federal disability law;

d. Award costs, filing fees, and any further relief the Court deems just and proper.

## VI. JURY DEMAND

22. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*[signature]* 07/28/2025

Joelene Rodriguez, Pro Se

Email: protectjj2025@gmail.com

4414 143rd St SW
Lynnwood WA 98087

PJ 3